UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
JOSUE PIERRE-LOUIS,

                          Plaintiff,

                -against-

Detective FRANK SARRICA, Shield No. 2255;
and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                        Defendants.
---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Josue Pierre-Louis ("plaintiff" or "Mr. Pierre-Louis") is a resident of Bronx County in the City and State of New York.

7.      Defendant Detective Frank Sarrica, Shield No. 2255 ("Sarrica"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Sarrica is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.      At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 8:30 p.m. on February 27, 2013, Mr. Pierre-Louis was lawfully operating his vehicle in the Brownsville section of Brooklyn, New York.

12.     For several blocks, Mr. Pierre-Louis was driving behind an unmarked police vehicle that was travelling at a very low rate of speed in the left lane.

13.     The unmarked police vehicle then stopped in the left lane in the middle of the block.

14.     Obeying all traffic laws and duly signaling, Mr. Pierre-Louis drove around the stopped vehicle and made a left turn at the corner of Rockaway Avenue and Belmont Avenue.

15.     Mr. Pierre-Louis was immediately pulled over by the unmarked police vehicle.

16.     One of the defendant officers approached Mr. Pierre-Louis and demanded his identification.

17.     Mr. Pierre-Louis asked the officer why he had been stopped and the officer stated, falsely, that Mr. Pierre-Louis had failed to signal when he made the left turn.

18.     From the street nearby, a female pedestrian made a flirtatious comment in the direction of the officer and Mr. Pierre-Louis.

19.     The officer attempted to engage in flirtatious banter with the female

pedestrian.

20.    The female pedestrian responded to the officer, in sum and substance, "not you, the driver."

21.    Visibly annoyed, the defendant officer grabbed Mr. Pierre-Louis and began to violently pull him from the vehicle while calling for backup.

22.    Police vehicles converged on the scene.

23.    One of the police vehicles approached the scene at a high rate of speed and collided with a civilian vehicle.

24.    The defendant officers assaulted plaintiff, forcibly dragged him from his vehicle and falsely arrested him.  Excessively tight handcuffs were applied to Mr. Pierre-Louis's wrists.

25.    Mr. Pierre-Louis was taken to a police precinct.

26.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff turn without signaling, drive recklessly, resist arrest and possess marijuana.

27.    At no point did the officers observe plaintiff commit any crime or offense.

28.    Mr. Pierre-Louis was taken to Brooklyn Central Booking.

29.    After spending approximately 24 hours in custody, Mr. Pierre-Louis was arraigned and released on his own recognizance.

30.    All criminal charges against Mr. Pierre-Louis were subsequently adjourned in contemplation of dismissal.

31.    Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

32.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

34.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

35.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Unreasonable Force**

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

40.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

41.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.    The individual defendants created false evidence against plaintiff.

43.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

45.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

46.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48.   Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

49.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.


DATED:      August 20, 2013
            New York, New York


HARVIS WRIGHT
SALEEM & FETT LLP

Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwsflegal.com

*Attorneys for plaintiff*

-8-